UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at PIKEVILLE

CIVIL ACTION NO. 09-CV-39-KKC

ABDUS-SHAHID M.S. ALI                                                    PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

VERNON MORGAN, ET AL.                                              DEFENDANTS

Plaintiff Abdus-Shahid M.S. Ali is currently confined in the Springfield Federal Medical Center ("FMC-Springfield), which is located in Springfield, Missouri.  Ali has filed a prisoner *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971).[1] The Court has addressed his motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

As the plaintiff is appearing *pro se*, his complaint is held to lower standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in a *pro se* complaint are taken as true and liberally construed in favor of the petitioner.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, under 28 U.S.C. § 1915(e)(2), a district court has authority to dismiss

---

[1]Under *Bivens*, a plaintiff can assert a claim for money for injuries sustained as a result of a federal agent's violation of the constitution while acting under his federal authority. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L. Ed.2d 619 (1971); *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed. Appx. 428, 440 (6th Cir.2006).

a case at any time if it determines the action is either frivolous or malicious, or if it fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has named the following defendants: (A) Vernon Morgan, Factory Foreman/ Manager at the United States Penitentiary-Big Sandy ("USP-Big Sandy"); (B) John R. Grindstaff, Associate Warden of USP-Big Sandy; (C) Hector A. Rios, the former Warden of USP-Big Sandy; (D) Harley Lappin, the Director of the Bureau of Prisons ("BOP"); and (E) "Mrs. Phipps," whom the plaintiff identifies as the "FBI-UNICOR Accountant."[2]

## CLAIMS ASSERTED AND RELIEF SOUGHT

Ali was confined in the USP-Big Sandy in 2007. He alleges that while confined there, he was denied proper pay from his UNICOR prison job during the month of March of 2007.[3] He also alleges that he was denied the assignment as a Quality Assurance Inspector. He alleges that the denial of the UNICOR wage and promotion benefits subjected him to an atypical and significant hardship in violation of the Eighth Amendment to the Constitution of the United States.  He also claims that these actions violated his right to due process of law.  That claim would fall under the Fifth Amendment of the United States Constitution.

---

[2]Based on the information provided in the following footnote, it is likely that the plaintiff intended to refer to Defendant Phipps as "**FPI**-UNICOR Accountant" instead of "**FBI**-Accountant."

[3]The BOP has established a work program, through which certain qualified federal inmates are allowed the opportunity to participate in prison work programs. 28 C.F.R. § 345.10. The program is known as the Federal Prison Industries, Inc., ("FPI")   The FPI is a government corporation organizationally within the BOP whose mission is to provide work simulation programs and training opportunities for inmates confined in federal correctional facilities. *See* 28 C.F.R. § 345. 11(a).

The commercial or "trade" name of the FPI is UNICOR.  Most FPI factories or shops are commonly referred to as "UNICOR."  The Superintendent of Industries ("SOI"), also referred to as Associate Warden/Industries and Education, is responsible for the efficient management and operation of a FPI factory. 28 C.F.R. § 345.11(b).

Ali complains that during the administrative exhaustion process, the BOP (specifically, Harley Lappin, the BOP Director) did not afford sufficient consideration to his claims. That claim would also fall under the due process provisions found in the Fifth Amendment of the United States Constitution.

The plaintiff seeks the following relief: (1) unspecified compensatory and punitive damages;  (2) injunctive relief in the form of an Order requiring the BOP to: (a) apply standard pay to his March, 2007 wages and (b) award him 15 days of overtime pay; (3) other injunctive relief "including monitoring against harassment for redress"; and (4) court costs and attorney's fees (although Ali is proceeding *pro se*)  [*See* Record No. 2, p.12].

<u>EXHAUSTION EFFORTS</u>

The multi-step administrative remedies available to inmates confined in BOP institutions are set out in 28 C.F.R. § 542.13-15.[4]   The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court.  *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999).

---

[4]Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11].  *See* § 542.15.

The administrative procedure includes established response times.  § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*

_____Ali has submitted filings which indicate that he fully exhausted his UNICOR claims. In May of 2007, Ali filed two informal requests to the USP-Big Sandy staff (BP-8), the responses to which are found at Record No. 2-2, pp. 21-22, and Record No. 2-3, p. 4. On June 14, 2007, former Warden Rios denied Ali's BP-9 "Request for Administrative Remedy No. 455995-F1" [*See* Record No. 2-3, p.7].

Ali's voluminous submissions do not contain documentation regarding a BP-10 appeal to the BOP's Mid-Atlantic Regional Office. It is assumed that Ali did, in fact, file a BP-10 appeal because on November 6, 2007 Harrell Watts, Administrator of the National Inmate Appeal (the BOP Central Office) denied Ali's subsequent BP-11 on the merits.[5] Watts identified the Administrative Remedy as "Remedy No. 455995-F1"  [*See* Record No. 2-3, p.12].

On October 7, 2008, the BOP Central Office issued a "Memorandum" to Ali. The BOP stated as follows:

> Records indicate this issue has been addressed in appeal # 455995-A1. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

[*See* Record No. 2-3, p. 13].

## DISCUSSION

There are several reasons why the instant civil rights complaint must be dismissed, on the merits. The first reason is that it is time-barred. Kentucky has a one-year statute of limitations applies. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003). For purposes of determining applicable statutes of limitations in *Bivens* actions, a

---

[5]Had Ali failed to file the preceding BP-10 appeal to the Regional Office, the BOP Central Office would have rejected the BP-11 for that reason and directed him to cure the deficiency.

district court must apply the most analogous statute of limitations from the state where the events giving rise to the claim occurred. Thus, *Bivens* claims have a one- year statute of limitations. *See McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987).

Under federal law, a claim accrues when the plaintiff knows, or has reason to know, of the injury which forms the basis for the action. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights); *Bagley v. C.M.C. Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991); *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir.1986).

Here, the BOP Central Office denied Ali's BP-11 appeal on November 6, 2007. While it appears that Ali may have tried to "revive" his administrative remedies in October of 2008, the BOP Central Office correctly reminded him that the same claim (Remedy # 455995) had already been denied almost a year before, on November 6, 2007 [*See* Record No. 2-3, p. 13].

Tolling the one-year period to allow for the exhaustion process to run its course, Ali would have been required to file suit within one year from November 6, 2007, which would have been **November 6, 2008**. Ali did not file this action until March 23, 2009, well past the one-year statute of limitation period. The time for asserting a claim relating to the alleged denial of UNICOR benefits expired on November 6, 2008.

Here, the statute of limitations bar is apparent after review of the exhibits attached to Ali's complaint. If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir.2002) (order) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995)); *Norwood v. Michigan*

5

*Dept. Of Corrections*, 67 Fed. Appx. 286, 288 (6th Cir. (Mich.) May 23, 2003) (not selected for publication in Federal Reporter) (where claims accrued more than three years before Norwood filed his complaint, the district court properly raised the issue *sua sponte* because it appeared on the face of his complaint): *Widner v. Bracke*, 229 F.3d 1155, 2000 WL 1140693, at *2 (6th Cir.2000) (table) (affirming dismissal under § 1915(e)(2) of time-barred complaint).

In summary, all of Ali's Fifth and Eighth Amendment claims are time-barred. For this reason, the Court will dismiss the instant *Bivens* action with prejudice.

## 2. Loss of Prison Job Benefits

Even assuming that the statute of limitations does not bar the instant *Bivens* action (which it does) the claim suffers from another fatal defect. To the extent that the plaintiff complains about the loss specific income from his UNICOR prison job, he fails to state a claim upon which relief can be granted. This is because a prisoner does not have a constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989); *Martin v. O'Brien*, 207 Fed. Appx. 587, 590, 2006 WL 3488742, **2 (6th Cir. (Ky.), December 4, 2006); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (Bulger's termination from his UNICOR job and reassignment to a non-UNICOR job did not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life); *Karacsonyi v. Radloff*, 885 F. Supp. 368 (N. D. N. Y 1995) (federal inmate's construed *Bivens* action involving his inmate job was properly dismissed; prison officials have broad discretion in denying federal inmates the opportunity to participate in UNICOR and federal prisoner's participation in UNICOR did not confer liberty interest sufficient to trigger a constitutional due process protection).

Further, as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991); *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir.1989); *Carter v. Tucker*, 69 Fed. Appx. 678, 680, 2003 WL 21518730, **2 (6th Cir. (Tenn.), July 1, 2003).

Accordingly, Ali asserts no legitimate constitutional challenge to the loss of past lost wages from a prison job, under either the Due Process clause of the Fifth Amendment, or under the framework of the Eighth Amendment.  Simply put, the loss of benefits attendant to  a UNICOR prison job is not an atypical and significant condition in relation to the conditions of confinement. Ali is not entitled to any back pay from his UNICOR prison job.  *See Bulger v. United States Bureau of Prisons*, 65 F.3d at 49-50.

### 3. Claims Against Harley Lappin, BOP Director

Ali asserts a Fifth and/or an Eighth Amendment claim against BOP Director Harley Lappin.  Ali accuses him of essentially glossing over his administrative grievance and refusing to accord it any weight. The claims for damages against Lappin lack substance and must be dismissed.  The case of *Shehee v. Luttrell*, 199 F.3d 295, 300 (1999), holds that officials whose only action involve[s] the denial of administrative grievances, or the failure to act, are not liable under §1983 or *Bivens*.[6] There is no inherent constitutional right to an effective prison grievance procedure.  *See Hewitt v. Helms*, 459 U.S. 460, 467, 103 S. Ct. 864 (1983); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994); *Flick v. Alba*,

---

[6]*Bivens* is the judicially-created corollary to a 42 U.S.C. § 1983 claim. Under *Bivens*, a citizen may sue individual federal agents if he or she "suffer[ed] a compensable injury to a constitutionally protected interest." *Butz v. Economou*, 438 U.S. 478, 486, 98 S.Ct. 2894, 57 L. Ed.2d 895 (1978).

932 F.2d 728, 729 (8th Cir.1991).[7] Thus, the claims against BOP Director Harley Lappin are subject to dismissal for this independent reason. 28 U.S.C. § 1915 (e)(2).

### 4. Injunctive Relief as to Alleged Retaliation

Ali asks this Court to enter an order protecting him from retaliation as a result of having filed this action. As noted, Ali has been transferred from USP-Big Sandy and is now confined in FMC-Springfield.

An inmate's transfer to another prison moots his request for injunctive relief. *Lyons v. Azam*, 58 Fed. Appx. 85, 87 (6th Cir.2003) ("[A] prisoner's claims for injunctive relief become moot when the prisoner is no longer confined at the prison where the claim allegedly arose.") (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996)). *See also Jones v. Pancake*, 2007 WL 2407271, *2 (W. D. Ky., August 20, 2007) (where prisoner had alleged that prison officials had racially discriminated against him, prisoner's subsequent transfer to another facility mooted his Fourteenth Amendment claims and demands for injunctive relief, as the prisoner was "apparently no longer subject to racially discriminatory placement practices. . .")

This Court has no jurisdiction over Ali's current custodian, the warden of FMC-Springfield. While this Court makes no judgment as to whether a request for injunctive relief would be warranted, Ali would have to seek injunctive relief in the jurisdiction where his custodian is located.

---

[7] Numerous Sixth Circuit decisions hold that there is no inherent constitutional right to an effective prison grievance procedure. *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. (Mich.) October 30, 2003) (Not selected for publication in the Federal Reporter); *Overholt v. Unibase Data Entry, Inc*. 221 F.3d 1335, 2000 WL 799760, **3 (6th Cir. (Ohio) June 14, 2000) (Unpublished Disposition) ("In addition, Overholt did not state a viable First Amendment claim concerning the prison grievance procedure. The defendants were not obligated to 'properly' respond to Overholt's grievances because there is no inherent constitutional right to an effective prison grievance procedure. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991). Hence, his allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation."); *Mays v. Wilkinson*, 181 F.3d 102 (Table), 1999 WL 282690 (6th Cir.(Ohio) April 28, 1999) (same.)

8

<u>CONCLUSION</u>

Accordingly, **IT IS ORDERED** as follows:

(1)     The complaint is **DISMISSED WITH PREJUDICE**.

(2)     This action [09-CV-39-KKC] is **DISMISSED** and Judgment shall be entered

contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

Dated this 27th day of March, 2009.

**Signed By:**

***Karen K. Caldwell***  *KKC*

**United States District Judge**

9