UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:09-CV-39-KKC

ABDUS-SHAHID M.S. ALI                                              PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

VERNON MORGAN, ET AL.                                           DEFENDANTS

The Court considers the "Motion to Alter or Amend the Screening Judgment Pursuant to Fed. R. Civ. P. 59(e)" [Record No. 8] filed by Plaintiff Abdus-Shahid M.S. Ali.[1]

In his motion, Plaintiff Ali seeks relief from the Memorandum, Opinion and Order ("the Opinion and Order") and Judgement entered in this action on March 27, 2009 [Record Nos. 6 and 7].[2] In the Opinion and Order, the Court dismissed, with prejudice, Ali's *pro se* prisoner civil rights action filed on March 23, 2009 [Record No. 2].

PROCEDURAL HISTORY
1. The Complaint [Record No. 2]

Ali was confined in the USP-Big Sandy in 2007. In his complaint, Ali asserted various claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). Ali alleged that while confined in USP-Big Sandy in 2007, he was denied proper pay from his UNICOR prison job during the month of

---

[1] Ali is currently confined in the Springfield Federal Medical Center ("FMC-Springfield"), which is located in Springfield, Missouri.

[2] The docket sheet reflects that Ali's filing docketed as Record No. 9 is an exact duplicate of his motion filed as Record No. 8. Accordingly, the Clerk of the Court properly terminated the motion filed as Record No. 9. The Court addresses only the motion filed as Record No. 8.

March of 2007. He also alleged that he was denied the assignment as a Quality Assurance Inspector. He alleged that the denial of the UNICOR wage and promotion benefits subjected him to an atypical and significant hardship in violation of the Eighth Amendment to the Constitution of the United States. He also claimed that these actions violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

Ali further complained that during the administrative exhaustion process, the Bureau of Prisons ("BOP") violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. He claims that Lappin did not afford sufficient consideration to his claims. Ali sought unspecified compensatory and punitive damages, injunctive relief in the form of an Order requiring the BOP to apply standard pay to his March 2007 wages and award him 15 days of overtime pay, and various other forms of injunctive relief.

## 2. The Opinion and Order [Record No. 6]

The Court dismissed Ali's claims on initial screening of the complaint. The Court will not reiterate, in detail, its findings and conclusions supporting the dismissal, as they are set forth in detail in the Opinion and Order. Summarized, the Court concluded that: (1) Ali's claims were time-barred under the applicable statute of limitations [Record No. 6, pp. 4-6]; (2) Ali did not state a valid Fifth Amendment claim on the issue of loss of prison job income and benefits because established case law holds that prisoners enjoy no protected liberty interests in such benefits [*Id*., pp. 6-7]; (3) any claims against BOP Director Harley Lappin were dismissible because liability could not be imposed against him on the basis of *respondeat superior* [*Id*., pp. 7-8]; and (4) Ali's subsequent transfer to FMC-Springfield rendered his claims for injunctive

relief moot [*Id.*, p.8].

### 3. Ali's "Motion to Alter or Amend" [Record No. 8]

In his current Motion seeking post-judgment relief under Fed. R. Civ. P. 59(e), Ali submitted a lengthy factual dissertation as to the facts surrounding the loss of his UNICOR job benefits. In essence, he rehashes and re-states the same claims asserted in his original *Bivens* complaint. He states that his complaint was not time-barred because in the denial of his BP-11 appeal, the BOP Central office stated as follows: "If you are dissatisfied with the response, you may pursue any legal recourse you deem proper."[Record No. 8, p.1]. Ali apparently construes this standard language as a statement by the BOP that any subsequent complaint he might file in federal court would be considered as timely.

## DISCUSSION
### 1. Standards for Rule 59(e) Motion

Under Rule 59(e), there are three grounds for a court to amend its judgment. Amendment is warranted only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003) (citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *Cf. Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Conversely, a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie*

*Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See*, *e.g.*, *Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so). As discussed below, the Court will not set aside the Opinion and Order in this case.

2. Application of Rule 59(e)Standards to Facts

The Court determines that its disposition of the claims, as set forth in the Opinion and Order, was correct and supported the applicable case-law. The BOP Central office denied Ali's BP-11 appeal on **November 6, 2007**, but Ali did not filed the instant *Bivens* action until well over a year later, on **March 23, 2009**. Kentucky has a one year statute of limitations for personal injury claims. Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir.2003). *Bivens* claims have a one- year statute of limitations. *See McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir.1987).

The standard language in the BOP's denial of the BP-11, to which Ali referred, is nothing more than that: standard language which merely advises a prisoner that after the BP-11 has been denied, he is *allowed* to proceed to federal court. That language by no means equates into a finding or endorsement by the BOP that any complaint subsequently filed by a prisoner in federal court would be timely under applicable state law.

Furthermore, Ali's current submission contains no information which would cause the Court to reconsider its determination that even if Ali's claim had been timely (which it was not), it lacked substance on the merits. As the Court explained in the Opinion and Order, prisoners

4

have no inherent protected Fifth Amendment liberty interests in prison jobs or benefits associated with those prison jobs. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989); *Martin v. O'Brien*, 207 Fed. Appx. 587, 590, 2006 WL 3488742, **2 (6th Cir. (Ky.), December 4, 2006); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995).

Ali's motion does not advise the Court of an intervening change in the controlling law, present newly available material evidence, or demonstrate clear legal error or manifest injustice. He has simply re-asserted his original claims, in more factual detail. There is no basis under Fed. R. Civ. P. 59(e) to reconsider, alter or amend the Opinion and Order. Therefore, Ali's motion [Record No. 8] will be **DENIED**. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 1998 WL 288685 (6th Cir. 1998) (Rule 59 motion is not an opportunity to reargue case).

## CONCLUSION

Accordingly, **IT IS ORDERED** that the "Motion to Alter or Amend the Screening Judgment Pursuant to Fed. R. Civ. P. 59(e)" [Record No. 8] filed by Plaintiff Abdus-Shahid M.S. Ali, is **DENIED**.

Dated this 21st day of April, 2009.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**